1  PHILIP GILES (CA SBN 272582)
   PITE DUNCAN, LLP
2  4375 Jutland Drive, Suite 200
   P.O. Box 17933
3  San Diego, CA 92177-0933
   Telephone: (858) 750-7600
4  Facsimile: (619) 590-1385

5  Attorneys for  WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO
                  BANK, N.A, SUCCESSOR BY MERGER TO WELLS FARGO HOME
6                 MORTGAGE, INC.

7

8

9

10

11                      UNITED STATES BANKRUPTCY COURT

12          NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

13  In re                                    Case No. 10-14662-AJ

14  RICHARD C MUNOZ AND SONDRA L.            Chapter 13
    MUNOZ,
15                                           OBJECTION TO CONFIRMATION OF
                                             CHAPTER 13 PLAN
16          Debtors.

17                                           CONFIRMATION HEARING:
                                             DATE:      February 9, 2011
18                                           TIME:      1:30 PM
                                             CTRM:      Santa Rosa Courtroom

19

20          Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A, successor by merger to

21  Wells Fargo Home Mortgage, Inc.[1] (hereinafter "Creditor"), secured creditor of the above-entitled

22  Debtors, Richard C. Munoz and Sondra L. Munoz (hereinafter "Debtors"), hereby objects to the

23  Chapter 13 Plan filed by Debtors in the above-referenced matter. The basis of the objection is stated

24  below:

25                                          I.

26                              STATEMENT OF FACTS

27      1.    On or about September 22, 2003, Debtors, for valuable consideration, made, executed

28  and delivered to Wells Fargo Home Mortgage, Inc. (hereinafter "Lender") a Promissory Note in the

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service
pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in
this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's
participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

1

1  principal sum of $181,500.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make

2  monthly principal and interest payments. A copy of the Note is attached hereto as exhibit A and

3  incorporated herein by reference.

4      2.    On or about September 22, 2003, Debtors made, executed and delivered to Lender a

5  Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property

6  located at 27060 Oriole Drive, Willits, California 95490 (hereinafter the "Subject Property"), which

7  is more fully described in the Deed of Trust. The Deed of Trust was recorded on September 30,

8  2003, in the official records of the Mendocino County Recorder's office. A copy of the Deed of Trust

9  is attached hereto as exhibit B and incorporated herein by reference.

10      3.    On or about December 1, 2010, Debtors filed a Chapter 13 bankruptcy petition.

11  Debtors' Chapter 13 Plan provides for payments to the Trustee in the sum of $611.00 per month for

12  sixty (60) months. However, the Debtors' Chapter 13 Plan makes no provision for the cure of

13  Creditor's pre-petition arrears.

14      4.    The pre-petition arrearage on Creditor's secured claim is in the sum of $4,169.17. A

15  copy of Creditor's Proof of Claim is attached hereto as exhibit C and incorporated herein by

16  reference.

17      5.    Debtors will have to increase the payment through the Chapter 13 Plan to this Creditor

18  to approximately $69.49 monthly in order to cure Creditor's pre-petition arrears over a period not to

19  exceed sixty (60) months.

20      Creditor now objects to the Chapter 13 Plan filed herein by the Debtors.

21  **II.**

22  **ARGUMENT**

23      Application of the provisions of 11 United States Code section 1325 determines when a plan

24  shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan

25  cannot be confirmed as proposed.

26  **A.    DOES NOT MEET FULL VALUE REQUIREMENT**
       11 U.S.C. § 1325(a)(5)(B)(ii).

27

28      The amount of arrearage in Debtors' Chapter 13 Plan is incorrect. The pre-petition arrears

Case: 10-14662   Doc# 17   Filed: 01/24/11   Entered: 01/24/11 08:19:18   Page 2 of 3

specified in the Chapter 13 Plan are $0.00. The actual pre-petition arrears equal $4,169.17, based on Creditor's Proof of Claim. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

**B.      PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d).

Debtors will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $69.49 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

**C.      FEASIBILITY**
11 U.S.C. § 1325(a)(6); 11 U.S.C. § 1322(d).

Debtors' Schedule J indicates that the Debtors have disposable income of $606.84. However, Debtors will be required to apply $676.33 monthly to the Chapter 13 Plan in order to provide for a prompt cure of Creditor's pre-petition arrears. Debtors lack sufficient monthly disposable income with which to fund this Plan.

WHEREFORE, Creditor respectfully requests:

1.      That confirmation of the Debtors' Chapter 13 Plan be denied;

2.      That Debtors' case be dismissed;

3.      Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding 60 months; and

4.      For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: January 24, 2011          PITE DUNCAN, LLP


/s/ PHILIP GILES CA SBN 272582
Attorneys      for WELLS      FARGO      HOME
MORTGAGE, A DIVISION OF WELLS FARGO
BANK, N.A, SUCCESSOR BY MERGER TO
WELLS FARGO HOME MORTGAGE, INC.