Douglas Pharr #158078
Law Office of Douglas Pharr
1700 Second Street, Suite 333
Napa, CA  94559
(707) 258-2654
(707) 258-2820 fax
dpharr@napavalleylawoffice.com

Attorney for Movant/Secured Creditor:
REDWOOD CREDIT UNION

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>RICHARD MUNOZ,<br>SONDRA MUNOZ,<br><br>　　　　　Debtor(s). | Chapter 13<br>Case No.: 10-14662<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY (11 U.S.C. § 362)<br><br>DATE: February 13, 2014<br>TIME:  9:00 a.m.<br>PLACE: United States Bankruptcy Court<br>　　　　99 South E Street<br>　　　　Santa Rosa, CA  95404 |

**TO ALL PARTIES IN INTEREST HEREUNDER:**

1. This is a core proceeding as defined by the United States Bankruptcy Code and this creditor consents to a final Order or Judgment by the above-entitled Court.

2. The above-entitled Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 157(a) and 28 U.S.C. §1334.

3. REDWOOD CREDIT UNION, its assignees and/or successors in interest and agents (altogether referred to as "Movant"), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to Movant so that Movant may commence and continue all acts necessary to repossess the collateral securing Movant's note.

1

**MOTION FOR RELIEF FROM STAY 11 U.S.C. § 362**

## THE PROPERTY AT ISSUE

4. Movant moves for relief from the automatic stay with respect to the following property (the "Property"): 27060 Oriole Drive, Willits, California, 95490. APN 097-212-12.

## CASE HISTORY

5. A voluntary petition under Chapter 13 was filed on 12/1/2010. The Chapter 13 Plan was confirmed on 5/13/2011.

## GROUNDS FOR RELIEF FROM STAY

<u>Pursuant to *11 U.S.C. § 362(d)(1)*, cause exists to grant Movant the requested relief from stay because Movant's interest in the Property is not adequately protected.</u>

6. Movant submits that adequate protection in this case requires normal and periodic cash payments as called for by the Note, plus repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this Motion. A true and correct copy of the Note and Deed of Trust is attached to the Declaration in Support of Motion for Relief from Automatic Stay and incorporated herein by reference.

7. Payments are not being made to Movant. Debtor is over 8 payments behind on the terms of the agreement with an existing total default of $6,701.01. A statement showing the status of payments received is

2

attached to the Declaration in Support of Motion for Relief from Automatic Stay and incorporated herein by reference.

8. Movant is informed and believes that Debtor(s) are presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time because of the lengthy 8+ months of missed payments.

9. By reason of the foregoing, Movant is entitled to relief from stay under 11 U.S.C. § 362(d)(1), based upon the failure of Debtor(s) to provide adequate protection to Movant.

<u>Pursuant to *11 U.S.C. § 362(d)(1)*, cause exists to grant Movant the requested relief from stay because Plan obligations with respect to Movant are not being performed.</u>

10. Postconfirmation payments required by the confirmed plan have not been made to Movant. Movant is listed under section 2(C) of the Plan "Post Petition Payments on Personal Property Debt Paid by Debtor". Payments under this section come directly from the Debtor to Movant, rather than through the Trustee. As detailed above, Debtor is behind by over 8 months of payments, is not performing the Plan obligations, and so Movant is entitled to relief.

**EVIDENCE IN SUPPORT OF MOTION**

11. Movant submits the attached Declaration(s) to provide evidence in support of the this Motion for Relief from the Automatic Stay under 11 U.S.C. § 362.

12. Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor(s)'s Schedules.

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:**

1. Termination of the automatic stay of 11 U.S.C. § 362, along with any and all other stays which might be in effect, so as to allow Movant to enforce its rights in the Property under the Note and Deed of Trust.

2. That Movant has leave to repossess the Property and to enforce the security interest under the Note, including any and all post repossession sale remedies, necessary to obtain possession of the Property.

3. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

4. That the 7-day waiting period provided by California Civil Code § 2924g(d) be waived, if applicable.

5. That the 14-day stay described by *Bankruptcy Rule 4001(a)(3)* be waived, if applicable.

6. That Movant be permitted to offer and provide Debtor(s) with information, via telephone and written correspondence, regarding a potential Forbearance

4

Agreement, Loan Modification, Refinance Agreement or other Loan Workout / Loss Mitigation Agreement and to enter into such agreement with Debtor(s);

7. That the attorney's fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law.

8. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection requiring the Debtor(s) to reinstate and maintain in a current condition all obligations due under the Note including Debtor(s) obligations to pay when due: the monthly installments of principle and interest as required under the Note; tax/insurance obligations; any sums advanced by Movant on behalf of Debtor(s) in order to protect Movant's interest in the Property including all attorney's fees and costs incurred in the filing of this Motion.

9. For an Order modifying the automatic stay to protect Movant's interest as the Court deems proper.

10. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: January 30, 2014    /s/ Douglas Pharr
                           Attorney for Movant

5

MOTION FOR RELIEF FROM STAY 11 U.S.C. § 362
Case: 10-14662   Doc# 30   Filed: 01/30/14   Entered: 01/30/14 22:58:06   Page 5 of 5